# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | Case No. 19–cv–16290–ES–ESK |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **GERALD F. HUG,** *et al.* | |
| Defendant. | |

**KIEL, U.S.M.J.**

      **THIS MATTER** having come before the Court on defendant Gerald F. Hug's letter application (Application) "to defer taking depositions" until after resolution of the pending motion to dismiss (Motion to Dismiss) (ECF No. 62); and plaintiff having opposed the Application (ECF No. 63); and defendant Kurt Streams having joined in the Application (ECF No. 64); and the Court finding,

      1.    The party seeking to stay discovery pending the resolution of a dispositive motion has the burden to show "good cause." *Coyle v. Hornell Brewing Co.,* No 08–02797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).

      2.    A "finding of 'good cause' requires a balancing of competing interests and the court's inherent interest in promoting 'fair and efficient adjudication' of the claims." *Galarza v. Whittle-Kinard*, No. 16–00764, 2017 WL 2198182, at * 3 (D.N.J. May 18, 2017).

      3.    The Motion to Dismiss has been pending for a substantial amount of time, because of circumstances beyond the control of this Court or the parties. The parties have continued to engage in documentary and third-party discovery. (ECF No. 62 pp. 2 and 5.) Additionally, the current fact-discovery deadline is January 29, 2021. (ECF No. 53.)

      4.    The Court has the "inherent power to control its docket so as to promote fair and efficient adjudication" of this matter. *Rolo v. Gen. Dev. Corp.* 949 F.2d 695, 702 (3d Cir. 1991). In balancing the competing interests, the Court finds that good cause exists to defer taking of depositions in order to "secure the just, speedy, and inexpensive determination" of this matter. Fed.R.Civ.P. 1.

**IT IS** on this   **21st** day of **September 2020**   **ORDERED** that:

1. The Application (**ECF No. 62**) is **GRANTED**. Depositions in this matter are stayed pending resolution of the Motion to Dismiss. If the matter is to proceed following the resolution of the Motion to Dismiss, the parties shall promptly meet and confer to schedule depositions. The parties shall continue with the exchange of documents and information through written discovery requests, and may issue subpoenas during the pendency of the Motion to Dismiss.

2. The Court will address further adjustments to the current scheduling order at the telephone status conference scheduled for December 15, 2020, if necessary.

   _/s/ Edward S. Kiel_
   **EDWARD S. KIEL**
   **UNITED STATES MAGISTRATE JUDGE**

2